HERNÁNDEZ DE RAMERY, PETITIONER AND APPELLANT, v.
PEOPLE, RESPONDENT AND APPELLEE.

APPEAL from a Decision of Mr. Justice Hutchison in Habeas
Corpus.

No. 1333.—Decided November 7, 1918.

HABEAS CORPUS—INDICTMENT—GRAND JURY.—An indictment found by a grand
jury in the Insular courts and containing the signature of the district attor-
ney and the other formalities of law is not void because the grand jury has
no legal existence in the judicial system of Porto Rico; therefore a writ of
habeas corpus will not be granted on this ground.

ID.—INFORMATION—OBJECTION.—The failure of the district attorney to swear to
an information is considered waived when such defect is not duly objected to
in the lower court.

The facts are stated in the opinion.

*Mr. Rafael Martínez Nadal* for the appellant.

*Mr. Salvador Mestre, Fiscal* of the Supreme Court, for
the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellant bases his petition for a writ of *habeas
corpus* and this appeal on the plea that he is unlawfully im-
prisoned because he was convicted and sentenced under an
indictment found in the District Court of Arecibo by a grand
jury, which has no legal existence in our insular courts.

This last statement is true according to the case of *People
v. Tapia,* 245 U. S. 639; nevertheless, as that indictment is
also signed by the district attorney and meets the essential
requirements of all informations, the fact that it contains ad-
ditional formalities not prescribed by our laws does not in-
validate it and consequently void the trial and judgment, nor
render the imprisonment imposed upon the appellant there-
under unlawful.   In the case of *People* v. *Fuentes,* decided
April 2, 1918, in which we affirmed the judgment of convic-
tion, the information was the same as in this case.

It is true that the district attorney did not swear to the
indictment found against the appellant (sec. 72 of the Code
of Criminal Procedure), but failure to object to this defect

at the proper time in the court *a quo* is understood to be a waiver of it and does not void the trial because it does not tend to prejudice the rights of the accused. *People* v. *Aponte et al.,* 9 P. R. R. 345; *People* v. *Rodríguez,* 12 P. R. R. 176; *People* v. *Ayala,* 13 P. R. R. 195; *People* v. *Ayala,* 15 P. R. R. 744.

The appeal should be

*Dismissed.*

Chief Justice Hernández and Justice del Toro concurred. Justices Wolf and Hutchison took no part in this decision.